VARGAS, PLAINTIFF AND APPELLANT, *v.* CRUZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action of Filiation.—Motion for Dismissal.

No. 3108.—Decided November 13, 1923.

MOTION TO STRIKE—SPECIAL DEMURRER—AMENDMENT—NEW PLEADING—TRAVERSABLE COMPLAINT.—A motion to strike matter from the complaint is akin to a special demurrer and if it is sustained the plaintiff must amend or judgment for the defendant will follow. The modern practice is universally to require a new pleading, even if after the matter is stricken out a traversable complaint remains.

ID.—ID.—ID.—JUDGMENT OF DISMISSAL—JURISDICTION.—When such a motion to strike prevails and the defendant becomes entitled to judgment by reason of a failure to amend, a final judgment of dismissal is within the jurisdiction of the court and the particular name given to the judgment is not important.

ID.—ID.—ID.—ID.—ID. — SUFFICIENCY OF COMPLAINT — APPEAL — NON-JURISDICTIONAL MATTER.—In order to raise any question as to the sufficiency of the complaint, the appellant should have appealed from the judgment of dis-

missal, and by suggesting a jurisdictional matter in this appeal he can not revive his former right of appeal. This court has frequently held that non-jurisdictional matters covered by the judgment can not be reviewed except by an appeal from the judgment.

The facts are stated in the opinion.

*Mr. A. Aponte, Jr.*, for the appellant.

*Mr. J. Sabater* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This case comes before us on a motion to dismiss. In the District Court of Mayagüez the appellant, alleging himself to be a natural child of Avelino Cruz y Toro, brought suit against Sofía Esperanza Cruz y Vélez, a natural daughter of said Avelino Cruz. The said daughter had previously been declared the universal heir of said Avelino Cruz.

The defendant filed a motion to strike. The court sustained the motion and granted the complainant twenty days within which to file an amended complaint. The complainant did not avail himself of this privilege within the time allowed and a few days later the defendant filed a motion that the case be dismissed (*archivado*). The court accordingly granted the motion and rendered a final judgment on November 20, 1922, ordering the suit to be dismissed, with costs to the defendant, but without counsel fees.

The next thing that appears in the record is a motion of attorney Arturo Aponte to be substituted for the original attorneys in the case. This motion was filed on April 24, 1923, and there was no objection thereto. On the 27th of April, 1923, the complainant came into court with a "motion to annul the judgment" and also filed another similar motion.

The first motion alleged a lack of jurisdiction in the court to render the judgment of dismissal. The theory of this lack of jurisdiction is that the court should not have ordered the complainant to amend, but simply have stricken out the objectionable matter, and hence that the court was not in a position to render the said final judgment. The

district court, on June 9, 1923, overruled the motion to annul the judgment and the said complainant appealed.

Let us draw attention first to the fact that appellant is mistaken when he says that the court ordered the complainant to amend. It merely granted him the privilege. We mention this especially as apparently the appellant makes an argument on said supposed command or order.

The appellant is entirely mistaken when he maintains that the result of granting a motion to strike is to place the next step on the defendant. The nature of a motion to strike we have recently discussed to some extent in the case of *Mazarredo* v. *García,* 31 P. R. R. 731. This motion is akin to a special demurrer. If it prevails the complainant must amend or judgment for the defendant will follow. The modern practice is universally to require a new pleading, a new clean paper (*Albarran* v. *Paz,* 18 P. R. R. 934), even if the stricken matter still leaves a traversable complaint. We seriously question whether such a traversable complaint remained, but, technically at least, on the sustaining of a motion to strike an amended complaint is necessary.

Appellant also maintains that a judgment of dismissal is not given by the Code of Civil Procedure. When such a motion to strike prevails and the defendant becomes entitled to judgment by reason of a failure to amend, the particular name that is given to the final judgment is not important. We think, however, to dismiss (*archivar*) the suit is the proper practice. The action of the court in rendering judgment was within its jurisdiction. For similar reasoning see the case of *Mazarredo* v. *García, supra.*

This being so, the appellant, if he wished to raise any question of the sufficiency of the complaint, should have appealed from the judgment of November 20, 1922. The appellant, by suggesting a jurisdictional matter or otherwise, cannot revive his right of appeal. We have decided frequently that non-jurisdictional matters that are covered by

the judgment cannot be reviewed except by an. appeal from the judgment. *Hernáiz et al* v. *Vivas*, 20 P. R. R. 99; *Fajardo Development Co.* v. *Morfi*, 19 P. R. R. 1079, among others.

The appellee also draws attention that after the judgment of November 20, 1922, was rendered, the defeated complainant filed another suit on November 27, 1922. A demurrer thereto on the ground of prescription was sustained and judgment rendered on March 15, 1923. An appeal from this judgment was dismissed by this, court. However, none of these matters would have had a retroactive effect or have estopped the complainant if he had been entitled to have the original judgment reopened.

As all the revisable matters (including the responsibility of parties for the acts of attorneys) could have been reached by an appeal from the judgment of November 20, 1922, this appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.